1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 10/27/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL ANDREW SHIELDS,
        Plaintiff,
  v.
GRAY DAVIS, et al.,
        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. C 07-0157 RMW (PR)

ORDER RE-OPENING ACTION
AND LIFTING STAY;
DIRECTING DEFENDANTS TO
FILE DISPOSITIVE MOTION
OR NOTICE REGARDING
SUCH MOTION; DENYING
MOTION FOR APPOINTMENT
OF COUNSEL; DIRECTING
PLAINTIFF TO LOCATE
UNSERVED DEFENDANTS

(Docket No. 17)

On January 10, 2007, plaintiff, a prisoner proceeding pro se, filed a civil rights complaint

pursuant to 42 U.S.C. § 1983. The court found cognizable, when construed liberally, plaintiff's

claim of deliberate indifference to medical needs, in violation of the Eighth Amendment. On

May 7, 2008, the case was referred to the Pro Se Prisoner Mediation Program and the case was

stayed. On July 1, 2008, the Honorable Judge Nandor J. Vadas notified the Court that the parties

reached a partial settlement, and on July 9, 2008, the court signed a stipulation and order

dismissing all claims for injunctive relief. Accordingly, the Court orders the case reopened, the

stay lifted, and defendants to file a dispositive motion or notice regarding such motion with

respect to the claim that the defendants acted with deliberate indifference to plaintiff's serious

Order Re-Opening Action and Lifting Stay; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion; Denying Motion for Appointment of Counsel; Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.07\Shields157srv2.wpd

1    medical needs.

2        The court further denies plaintiff's motion for appointment of counsel, and orders

3    plaintiff to locate unserved defendants.

4                                    **DISCUSSION**

5    A.    <u>Motion for appointment of counsel</u>

6        Plaintiff requests appointment of counsel because he believes the case involved complex

7    factual and legal issues.  Further, plaintiff asserts that he is indigent and lacks the proper

8    education to ably present his case.  Plaintiff's motion for appointment of counsel (docket no. 17)

9    is DENIED for want of exceptional circumstances.  <u>See</u> <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525

10   (9th Cir. 1997); <u>see also</u> <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981) (there is no

11   constitutional right to counsel in a civil case).  The issues in this case are not particularly

12   complex and plaintiff has thus far been able to adequately present his claims.  This denial is

13   without prejudice to the court's sua sponte appointment of counsel at a future date should the

14   circumstances of this case warrant such appointment.

15   B.    <u>Unserved Defendants</u>

16       The United States Marshal attempted service upon these unserved defendants: Appeal

17   Coordinator Chandler Dacanay, Health Care Manager Karen Saylor, and Chief Medical Officer

18   Terry Hill at San Quentin State Prison; and Health Care Manager Marshall B. Bishoff and

19   Former Warden Diane Butler at Folsom State Prison because that is where plaintiff indicated

20   they were located.  As to Dacanay, Saylor, Hill, and Butler, the summons were returned

21   unexecuted because the defendants were no longer at the facility.  As to Bishoff, the summons

22   was returned unexecuted because the "subject is unknown at the facility."

23       Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a

24   showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants.

25   <u>See</u> Fed. R. Civ. P. 4(m).  In cases wherein the plaintiff proceeds in forma pauperis, the "officers

26   of the court shall issue and serve all process."  28 U.S.C. 1915(d).  The court must appoint the

27   Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court,

28

Order Re-Opening Action and Lifting Stay; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion; Denying Motion for Appointment of Counsel; Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.07\Shields157srv2.wpd        2

must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

Because plaintiff has not served the remaining defendants, nor has he provided sufficient information to allow the Marshal to locate and serve them, plaintiff must remedy the situation or face dismissal of his claims against said defendant without prejudice. See Walker, 14 F.3d at 1421-22. Accordingly, plaintiff must either himself effect service on defendants Chandler Dacanay, Karen Saylor, Terry Hill, Marshall B. Bishoff, and Diane Butler, or provide the court with their accurate and current location such that the Marshal is able to effect service upon them. Failure to do so within **thirty days** of the date this order is filed will result in the dismissal of the claims against those defendants.

**CONCLUSION**

1. The clerk shall reopen this case. The stay is lifted.

2. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint as set forth above, or notify the court that they are of the opinion that this case cannot be resolved by such a motion.

a. If defendant elects to file a motion to dismiss on the grounds that plaintiff

1    failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

2    defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315

3    F.3d 1108, 1119-20 (9th Cir. 2003).

4            b.    Any motion for summary judgment shall be supported by adequate factual

5    documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

6    Procedure. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified</u>**

7    **<u>immunity found, if material facts are in dispute.  If any defendant is of the opinion that this</u>**

8    **<u>case cannot be resolved by summary judgment, he shall so inform the court prior to the</u>**

9    **<u>date the summary judgment motion is due.</u>**

10           4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and

11   served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

12           a.    In the event defendant files an unenumerated motion to dismiss under

13   Rule 12(b), plaintiff is hereby cautioned as follows:[1]

14           The defendants have made a motion to dismiss pursuant to Rule 12(b) of
      the Federal Rules of Civil Procedure, on the ground you have not exhausted your
15    administrative remedies.  The motion will, if granted, result in the dismissal of
      your case.  When a party you are suing makes a motion to dismiss for failure to
16    exhaust, and that motion is properly supported by declarations (or other sworn
      testimony) and/or documents, you may not simply rely on what your complaint
17    says.  Instead, you must set out specific facts in declarations, depositions, answers
      to interrogatories, or documents, that contradict the facts shown in the defendant's
18    declarations and documents and show that you have in fact exhausted your
      claims.  If you do not submit your own evidence in opposition, the motion to
19    dismiss, if appropriate, may be granted and the case dismissed.

20           b.    In the event defendant files a motion for summary judgment, the

21   Ninth Circuit has held that the following notice should be given to plaintiffs:

22           The defendants have made a motion for summary  judgment by which
      they seek to have your case dismissed.  A motion for summary judgment under
23    Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

24           Rule 56 tells you what you must do in order to oppose a motion for
      summary judgment.  Generally, summary judgment must be granted when there is
25    no genuine issue of material fact--that is,  if there is no real dispute about any fact

26   ─────────────────

27       [1]The following notice is adapted from the summary judgment notice to be given to pro se
     prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u>
28   <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order Re-Opening Action and Lifting Stay; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion; Denying Motion for Appointment of Counsel; Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.07\Shields157srv2.wpd        4

that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.      Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.      All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

1   matters "relevant to the claim or defense of any party . . ."  <u>See</u> Fed. R. Civ. P. 26(b)(1).

2   Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

3   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

4   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

5   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

6   proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply</u>

7   <u>with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it</u>

8   <u>to his benefit to wait until defendants have filed a dispositive motion which could include some</u>

9   <u>or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered

10  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

11  Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer

12  with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

13  motion to compel he must send a letter to defendants to that effect, offering them one last

14  opportunity to provide him with the sought-after information.

15          9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

16  and all parties informed of any change of address and must comply with the court's orders in a

17  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

18  pursuant to Federal Rule of Civil Procedure 41(b).

19          10.     Plaintiff's motion for appointment of counsel (docket no. 17) is DENIED without

20  prejudice.

21          11.     Plaintiff must provide the court with accurate and current location information for

22  defendants Chandler Dacanay, Karen Saylor, Terry Hill, Marshall B. Bishoff, and Diane Butler

23  such that the Marshal is able to effect service upon them.  <u>If plaintiff fails to provide the court</u>

24  <u>with the accurate and current locations, within **thirty (30) days** of the date this order is filed,</u>

25  <u>plaintiff's claims against defendants Chandler Dacanay, Karen Saylor, Terry Hill, Marshall B.</u>

26  <u>Bishoff, and Diane Butler will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil</u>

27  <u>Procedure; the dismissal will be without prejudice to plaintiff refiling his complaint with such</u>

28

Order Re-Opening Action and Lifting Stay; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion; Denying Motion for Appointment of Counsel; Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.07\Shields157srv2.wpd      6

1   information.

2          IT IS SO ORDERED.

3   DATED: ___10/22/08_____          *Ronald M. Whyte*
                                      _____
4                                     RONALD M. WHYTE
                                      United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such
Motion
P:\PRO-SE\SJ.Rmw\CR.07\Shields157srv2.wpd          7