***E-FILED - 7/14/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL ANDREW SHIELDS, | ) | No. C 07-0157 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING SECOND MOTION FOR EXTENSION OF TIME; GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | ) ) | |
| GRAY DAVIS, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | (Docket Nos. 40, 56) |

Plaintiff, an inmate at Sacramento Main Jail, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. After reviewing the complaint, the court found that it stated a cognizable Eighth Amendment claim against prison officials for being deliberately indifferent to plaintiff's medical needs. On December 22, 2008, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that plaintiff failed to exhaust administrative remedies, failed to state a cognizable claim, and that several defendants were entitled to Eleventh Amendment immunity. After a review of the pleadings, the court GRANTS defendants' motion to dismiss and DISMISSES the complaint for failure to exhaust.[1]

---

[1] Because the court grants defendants' motion to dismiss for failure to exhaust administrative remedies, it is unnecessary to address the alternative claims of failure to state a cognizable claim and Eleventh Amendment immunity.

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.07\Shields157mtdexh.wpd        1

**DISCUSSION**

A.  Plaintiff's Second Motion for Extension of Time

Plaintiff's opposition to defendants' motion to dismiss was due on January 21, 2009. Rather than file an opposition, on January 15, 2009, plaintiff filed a motion requesting suspension of proceedings for six months in order for him to retrieve his case files from Attorney Mark Ravis, Esq., who had shown interest in representing plaintiff in this case but had not filed an appearance. On February 12, 2009, the court found a six-month suspension to be excessive, but granted plaintiff an additional 90 days, to May 13, 2009, to file an opposition and retrieve his file. The court also advised that if plaintiff needed additional time, the court would consider a request for a second extension upon a showing of good cause. Plaintiff failed to file anything before May 13, 2009, and not until July 8, 2009, did plaintiff file a second request for an extension of time or, in the alternative, for appointment of counsel. Defendants filed an opposition.

At the outset, the court notes that plaintiff's motion is untimely. See Fed. R. Civ. P. 6(b). However, the court may still consider an untimely motion for extension of time if plaintiff demonstrates "excusable neglect." Id.  In the motion, plaintiff requests an additional 60 days to file an opposition to defendants' motion to dismiss. Plaintiff states that he needs additional time because of his mental and medical difficulties. In support of his motion, he attaches documents demonstrating that on January 20, 2009, he was committed to a 72-hour involuntary patient hold (Plaintiff's motion, p. 4), and on February 20, 2009, he conditionally waived his right to a revocation hearing (Plaintiff's motion, p. 3). Both documents refer to events which occurred well before the May 13, 2009 deadline for filing an opposition and do not demonstrate good cause for receiving another extension of time. In addition, the notes at the revocation hearing indicate that plaintiff was "able to move forward w/ revocation process." (Id.)

Because plaintiff failed to demonstrate good cause for an extension of time, cf. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987) (discussing "just cause" for granting extension of time to pro se plaintiff), or excusable neglect, see Fed. R. Civ. P. 6(b), plaintiff's motion for a second extension of time is DENIED. For want of exceptional circumstances, plaintiff's request

1  for appointment of counsel is also DENIED. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th
2  Cir. 1997); see also Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (there is no
3  constitutional right to counsel in a civil case).

4  B.      Motion to Dismiss

5         1.      Standard of Review

6  Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the
7  burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108,
8  1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b)
9  motion rather than in a motion for summary judgment. Id. In deciding a motion to dismiss for
10 failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide
11 disputed issues of fact. Id. at 1119-20.[2] If the court concludes that the prisoner has not
12 exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

13        2.      Analysis

14 The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to
15 provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
16 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
17 facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
18 Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo,
19 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Exhaustion is a
20 prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general
21 conditions or particular episodes, whether they allege excessive force or some other wrong, and
22 even if they seek relief not available in grievance proceedings, such as money damages. Porter
23 v. Nussle, 534 U.S. 516, 524, 532 (2002). Furthermore, administrative remedies may not be
24 exhausted where the grievance, liberally construed, does not have the same subject and same
25 request for relief. See generally O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056,

---

[2] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the October 27, 2008 order in this matter.

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.07\Shields157mtdexh.wpd        3

1  1062-63 (9th Cir. 2007).

2      The State of California provides its prisoners and parolees the right to appeal
3  administratively "any departmental decision, action, condition or policy perceived by those
4  individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  In order
5  to exhaust available administrative remedies within this system, a prisoner must proceed through
6  several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602
7  inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third
8  level appeal to the Director of the California Department of Corrections and Rehabilitation
9  ("Director"). See Barry v. Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code
10 Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the
11 exhaustion requirement under § 1997e(a).  See id. at 1237-38.

12     3.    <u>Plaintiff's claim</u>

13     In his complaint, plaintiff alleges that he was diagnosed with Hepatitis "B" and "C" in
14 2002.  Plaintiff claims that for the past four years, he has requested treatment and has been
15 ignored by prison medical staff and the California Department of Corrections and Rehabilitation.
16 Plaintiff maintains that defendants have continuously failed to provide him with adequate
17 medical care regarding his hepatitis, causing him to develop cirrhosis of the liver and stage four
18 fibrosis.  (Complaint at 3-3E.)  Defendants argues that plaintiff failed to administratively exhaust
19 this claim, and therefore, this action should be dismissed for failure to exhaust administrative
20 remedies in accordance with 42 U.S.C. § 1997e(a).

21     The parties agree and the record indicates that plaintiff exhausted his administrative
22 remedies with respect to inmate appeal number CSQ-06-02334.  (Complaint, p. 2; Defendants'
23 Mot., p. 4-5.)  Defendants indicate that plaintiff has not fully exhausted any other medically
24 related administrative appeal. (Defendants' Mot., Decl. N. Grannis.)  Plaintiff does not dispute
25 this.

26     On July 22, 2006, plaintiff submitted appeal number CSQ-06-02334 for his informal
27 review, contending that he was "forced to go to work without taking his A.M. dose of insulin.
28 This petitioner is released for chow and work on or about 5:30 A.M., there is no medical

personnel here at "H" unit until later. This procedure is putting my well being at risk. On June 26, 2006, Dr. Jameson informed this petitioner that he could not treat my liver until my diabetes is under control. C.D.C. medical staff makes my task impossible because I can't get my blood sugar under control if I can't get my insulin shots." (Defendants' Mot., Ex. A.) Plaintiff requested that the prison return him to North Block so he could receive insulin shots. (Id.) On July 31, 2006, the informal response noted that plaintiff stated he would try to obtain his supervisor's permission to go to work at 6:30 A.M. rather than 5:30 A.M. (Id.)

On August 3, 2006, plaintiff submitted a formal level of appeal, claiming that his supervisor required some type of documentation and that plaintiff was still forced to work without his insulin. (Id.) On August 11, 2006, the reviewer indicated that, after investigation, the initial complaint was resolved because plaintiff was receiving his insulin shots. (Id.)

On August 30, 2006, plaintiff submitted a second level of review, stating that although he was receiving insulin shots regularly, he was still not receiving them prior to his meals which hindered him from controlling his blood sugar. (Id.) On September 26, 2006, the reviewer partially granted his appeal, instructing the staff to provide training on proper medication distribution for insulin dependent diabetics. (Id.)

On December 12, 2006, the reviewing officer denied plaintiff's appeal at the director's level of review, noting that as a result of plaintiff's complaints, the prison developed a "Quality Improvement Team to review the issues regarding the medication management policy and are in the process of revising and improving medication management in an attempt to avoid the delays in medication management." (Id.)

Section 1997e(a) requires that plaintiff present his claims to each level of administrative review before raising the claims in a § 1983 action in federal court. See Woodford, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures.") (internal quotations omitted).

Where, as here, a prison's grievance procedures do not specify the requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the

nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).  The grievance need not include every fact necessary to prove each element of an eventual legal claim.  Griffin, 557 F.3d at 1120.  The purpose of grievances is to alert the prison to a problem and facilitate its resolution. Id.  The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures."  Id. (no exhaustion where grievance complaining of upper bunk assignment failed to allege, as the complaint had, that nurse had ordered lower bunk but officials disregarded that order) (citation and internal quotation omitted).

      Here, plaintiff's administrative appeals concerned the prison staff's improper and untimely giving of insulin shots which resulted in plaintiff's inability to regulate his blood sugar.  As a result of plaintiff's complaints in CSQ-06-02334, prison officials mandated training for staff to learn proper medication management for insulin dependent patients.  (Defendant's Mot., Ex. A.)  Notably, plaintiff's claim in CSQ-06-02334 does not assert that he was ignored after he requested treatment for his diagnosis of hepatitis, or that defendants' failed to provide him adequate medical care to treat his hepatitis, resulting in his development of cirrhosis of the liver and stage four fibrosis, as plaintiff asserts in his federal complaint.  The prison officials addressed plaintiff's grievances of improper administration of insulin shots by requiring the medical staff to receive training to learn when insulin shots should be given to insulin-dependent diabetic patients such as plaintiff.

      Even liberally construed, plaintiff's exhausted inmate appeal does not have the same subject or requested relief as the claim raised in the present action.  See O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062 (9th Cir. 2007).  Rather than giving more specific information to prison officials that the medical staff was ignoring his requests to treat his hepatitis in CSQ-06-02334, plaintiff merely focused on the improper administration of insulin. His grievance did not provide enough information to "allow prison officials to take appropriate responsive measures" regarding his dissatisfaction of the prison's non-treatment of his hepatitis. Griffin, 557 F.3d at 1120.  As a result, prison officials were not alerted to the problem asserted in plaintiff's federal complaint, i.e., the failure to treat hepatitis and prevent further liver issues, and

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.07\Shields157mtdexh.wpd     6

1  could not facilitate its resolution in the administrative appeals process.  See id.  Accordingly, the
2  court concludes that plaintiff has failed to exhaust his administrative remedies as to his federal
3  claim of deliberate indifference regarding the failure to treat hepatitis and resulting cirrhosis of
4  the liver and stage four fibrosis.

## CONCLUSION

Plaintiff's motion for a second extension of time is DENIED (docket no. 56). Defendants' motion to dismiss is GRANTED.  Plaintiff's complaint is hereby DISMISSED for failure to exhaust administrative remedies (docket no. 40).  The clerk shall terminate any remaining motions and close the file.

IT IS SO ORDERED.

DATED:  7/14/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge